TARANTO, Circuit Judge,
dissenting-in-part.
I join all of the court’s opinion except part II.A.2, which upholds the judgment of infringement of the '215 patent. I conclude that the district court incorrectly construed the '215 patent’s claim language pertaining to the invention’s message field. And there is no infringement under the construction that I think is correct. On this one issue, I respectfully dissent.
The dispute over the proper construction of claim 1 of the '215 patent involves two related issues. The first is whether the phrase “responsive to the receiving step, constructing a message field for a second data unit, said message field including a type identifier field” requires that the device “select” a message type depending on the received data — which requires that it have at least two message-type options it can select from. The second is whether the message field must be constructed specifically to minimize either the size or the quantity of feedback responses. It is undisputed that if the claims are read to require either selection or minimization, the accused devices do not infringe.
Selecting. I begin with the claim language. See Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir.2005) (en banc). Claim 1 requires the act of “constructing a message field” to be “responsive to the receiving step” — that is, responsive to “receiving said plurality of first data units.” '215 Patent, col. 10, lines 23-26. At a minimum, the “responsive” language allows, indeed suggests, selection or choice about what to include in the constructed message field, based on potentially varying characteristics of the data received. And the specification and Ericsson’s own assertions during litigation not only confirm the requirement of choice but make clear what the choice is: it is a choice from a range of possible message types.
Claims must be interpreted in the context of the patent as a whole, and the specification is central to performing the interpretive task. See Phillips, 415 F.3d at 1321 (“[T]he specification is the single best guide to the meaning of a disputed term ....”) (internal quotation omitted). The specification of the '215 patent pervasively describes what Ericsson had invented as optimizing feedback responses through the receiver’s choice among feedback-response message types — specifically to minimize the size of the responses and thereby increase efficiency. Even without regard to the more specific objective of minimizing, the receiver’s optimizing task requires selecting.
Thus, the abstract describes constructing feedback responses “so as to optimize performance in accordance with certain criteria,” with those criteria consisting of minimizing size and maximizing efficiency of the feedback responses. '215 Patent, abstract. The summary of the invention similarly teaches that the receiver constructs feedback response data units “so as to optimize system performance,” with the optimization consisting of “minimizing [] size” while “maximizing the number of [sequence numbers]” included in a smaller-sized data unit. Id. col. 4, lines 48-53. Neither of the two stated optimization criteria may be met unless the receiver *1238 makes choices among a plurality of message types. Further, the specification describes the patent’s advance over the prior art as reducing the “waste of bandwidth” and “unnecessary overhead” resulting from Automatic Repeat Request (ARQ) protocols that are “static in construction,” i.e., not varying as a function of the incoming data. Id. col. 3, lines 46-47. And the four technical advantages specifically enumerated — saving bandwidth, minimizing overhead, increasing system capacity, and minimizing the number of feedback responses — derive from the invention’s optimizing of feedback responses. Id. col. 4, lines 54-62. The specification nowhere discloses any contrary embodiment.
The claim language thus suggests a requirement of selecting, and the specification pervasively indicates that what is required is selecting among message types. Construing the claim to require receiver selecting is “the correct construction” because it “stays true to the claim language and most naturally aligns with the patent’s description of the invention.” Renishaw PLC v. Marposs Societa’ per Azioni, 158 F.3d 1243, 1250 (Fed.Cir.1998), adopted by Phillips, 415 F.3d at 1316.
Ericsson’s own statements about the invention confirm that the receiver’s choosing among message types, in response to incoming data, is essential. During claim construction, in an apparent effort to prevent the additional “minimizing” requirement from being read into the claim, Ericsson conceded — indeed, repeatedly insisted in clear terms — that selecting among message types by the receiver was a required element of the invention. See J.A. 6473 (“[T]he invention is to build in choice at the receiver side of a type of feedback response.”); J.A. 6475 (Given “the advantage ... gained from incorporating this message field that allows a choice, does the advantage of minimizing the size or number of feedback responses necessarily have to be read in when it doesn’t appear in the claim element[?]”); J.A. 6478 (“[T]he invention is, as expressed in the claims, giving the receiver a choice and constructing a message field that has a type identifier so it can express what it has chosen to use as a format for communicating the packets that have been dropped.”).
For those reasons, I conclude, the method of claim 1 of the '215 patent claim requires that the receiver engage in selection among message types in response to receipt of data. It is undisputed that the accused devices do not do so. Ericsson did not argue otherwise in its brief, and it conceded the point at oral argument, stating: “[I]f the court concludes that the receiver must make a choice, [the '215 patent is] not infringed.” Oral Argument at 34:45-35:00, Ericsson, Inc. v. D-Link Sys., Inc., No. 2013-1625.
Minimizing. Claim 1 of the '215 patent also requires “minimizing feedback responses,” as expressly stated in the preamble. '215 Patent, col. 10, line 19. The presence of that language indirectly reinforces the requirement of selection: to minimize, choices must be made. But it also adds to the selection requirement and independently requires a judgment of non-infringement.
The “minimizing” language is a claim limitation unless the fact that it appears in the preamble makes it non-limiting, as sometimes is true for preamble language. See Catalina Mktg. Int'l Inc. v. Coolsavings.com, Inc., 289 F.3d 801, 808 (Fed.Cir.2002). For claim 1, however, the preamble must be limiting, as only the preamble gives content to what the constructed message field is. See Pitney Bowes, Inc. v. Hewlett-Packard Co., 182 F.3d 1298, 1306 (Fed.Cir.1999) (preamble is limiting when *1239 necessary to “give life, meaning, and vitality” to, the claim) (internal quotation and citation omitted). The claim recites constructing a “message field,” but only in the preamble does the claim indicate that the message field is to be understood as a “feedback response[ ] in an ARQ protocol.” '215 Patent, col. 10, lines 19-20, 24-27. The phrase “feedback response,” appearing nowhere but the preamble, is crucial to making sense of the rest of the claim. See Griffin v. Bertina, 285 F.3d 1029, 1033 (Fed.Cir.2002) (holding as limiting a method claim’s preamble reciting “diagnosing an increased risk for thrombosis,” where claim covering nucleic-acid tests performed on a “test subject” was meaningless without understanding that “[diagnosis is ... the essence of [the] invention”).
The construction proposed by Ericsson and adopted by the district court implicitly recognizes that the preamble is limiting. The adopted construction of the “responsive” step requires “including a field that identifies the message type of the feedback response message.” Ericsson, Inc. v. D-Link Corp., No. 6:10-cv-473, 2013 WL 949378, at *5 (E.D.Tex. Mar. 8, 2013) (emphasis added). The phrase “feedback response,” in the adopted claim construction, comes from nowhere in the claim except the preamble. Where the district court erred was in parsing the preamble to include only one phrase as limiting — “feedback responses” — while excluding the word “minimizing” that appears immediately before the phrase “feedback responses.” I see no sound basis for that distinction.
Indeed, the specification, as described above, shows that the invention is centrally about minimizing such responses-which can be done either by minimizing the size of individual response messages (status protocol data units) or by minimizing the number of such messages by packing more information, i.e., sequence numbers, into messages of fixed size. '215 Patent, col. 4, lines 49-54 (summary of the invention identifying precisely those two ways of “optimiz[ing] system performance”). Ericsson’s only specific argument against the “minimizing” construction is to note the two ways of minimizing the specification identifies. Ericsson Br. at 39. But that is not an argument against D-Link’s proposed construction — which covers both of those ways of minimizing. J.A. 5084 (“selected from multiple available feedback responses in order to minimize the size or number of feedback responses”). I conclude, therefore, that it was error for the district court to reject D-Link’s “minimizing” claim construction.
It is undisputed that if claim 1 requires “minimizing,” the accused devices do not infringe. Ericsson never argues otherwise in its brief. Ericsson Br. at 38-40. This is an additional ground for reversing the judgment of infringement of the '215 patent, and requiring judgment of non-infringement instead.